IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | 3:CR-06-052 |
| | : | (JUDGE VANASKIE) |
| JOSE BURGOS | : | |
| | : | |

MEMORANDUM

On September 2, 2008, Jose Burgos filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. Entry 491.) In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this Court issued an Order on September 3, 2008, advising Mr. Burgos that (1) he could have the motion ruled on as filed, but lose his ability to file a second or successive motion absent certification by the Court of Appeals, or (2) withdraw his motion and file one all-inclusive § 2255 motion within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Dkt. Entry 492.) On October 6, 2008, Mr. Burgos notified the Court that he wished to have the motion ruled on "as filed." (Dkt. Entry 496.)

In the petition, Mr. Burgos challenges his conviction and sentence for the offense of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Mr. Burgos advances four claims in his § 2255 Motion: Claim I and IV allege lack of federal jurisdiction; Claim II alleges improper sentence determination and failure of

the indictment to specify a drug quantity; and Claim III alleges violation of the Sixth Amendment right to effective assistance of counsel.  Because it is evident that Petitioner is not entitled to relief on any of these grounds, the § 2255 Motion will be denied.

I.  Background

Mr. Burgos as well as numerous co-defendants were indicted on February 8, 2006, for violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B)(iii), and 18 U.S.C. § 2.  (Dkt. Entry 1.)  On April 4, 2007, Burgos entered a guilty plea to Count I, 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute cocaine base.  (Dkt. Entry 331.)  On August 31, 2007, Burgos was sentenced to ninety (90) months of incarceration to be followed by three (3) years of supervised release and a special assessment of $100.00.  (Dkt. Entry 452.)  Mr. Burgos did not appeal his sentence.

II.  Discussion

A.  Standard of Review

A prisoner sentenced by a federal district court may attack his sentence if it was "imposed in violation of the Constitution or laws of the United States, . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  "The petitioner is entitled to an evidentiary hearing as to the merits of his claims unless the 'files and records of the case conclusively show the petitioner is not entitled to relief.' " United States v. Reed, Nos. 00-cr-203 & 05-cv-1465, 2006 WL 2349987, at *2 (E.D.

Pa. Aug.11, 2006) (quoting 28 U.S.C. § 2255). The determination as to whether the record clearly shows the petitioner is not entitled to relief is committed to the sound discretion of the district court. Id. (citing United States v. Nino, 878 F.2d 101, 103 (3d Cir.1989)). In this regard, the court may draw upon its personal recollection and knowledge of events when resolving any factual allegations of the § 2255 Motion. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1077 (3d Cir.1985). There is no need for an evidentiary hearing in this case as the record is clear that Mr. Burgos is not entitled to relief. See Reed, 2006 WL 2349987, at *2.

    B.    Jurisdiction

Mr. Burgos' first and fourth claims allege that the United States District Court for the Middle District of Pennsylvania lacked jurisdiction. Under 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Since Mr. Burgos was alleged to have violated a law of the United States, 21 U.S.C. § 846, this Court plainly had jurisdiction to adjudicate this controversy.

Additionally, venue in the Middle District of Pennsylvania was proper in this case because "the government must prosecute an offense in the district where the offense was committed," unless a statute or the Federal Rules of Criminal Procedure permit otherwise. Fed. R. Crim. P. 18. The drug distribution network in which Mr. Burgos was alleged to have

3

participated operated from apartments in Schuylkill County, a county within the Middle District of Pennsylvania. (Dkt. Entry 1, Indictment, at 1; Dkt. Entry 109, Superceding Indictment, at 1.)

Thus, Mr. Burgos' claim that this Court lacked jurisdiction over him and his offenses is without merit. While in Schuylkill County, Mr. Burgos violated a law of the United States, which provides the United States District Court of the Middle District of Pennsylvania with proper jurisdiction.

C.   Sentencing

Mr. Burgos' second claim is premised on this Court's alleged improper determination of the crime's mandatory minimum sentence and failure of the indictment to specify the quantity of drugs involved in the conspiracy. Mr. Burgos asserts that a "mandatory minimum sentence imposed under § 841 must be based on the amount of drugs that was reasonably foreseeable to the defendant, rather than on the entire amount distributed by the conspiracy." (Dkt. Entry 491, § 2255 Motion, at 5.)

Mr. Burgos pled guilty to 21 U.S.C. § 846, which provides that "[a]ny person who attempts or conspires to commit an offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." (Dkt. Entry 331, Plea Agreement, at 1; 21 U.S.C. § 846.) It is unlawful for a person to knowingly or intentionally distribute or possess with the

4

intent to distribute controlled substances.  21 U.S.C. § 841(a)(1).  When a person is found in violation of this law and the case involves a quantity of fifty (50) grams or more of a substance with cocaine base, that person "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . ." 21 U.S.C. § 841(b)(1)(A)(iii).  Thus, since 21 U.S.C. § 841(a)(1) is within the same subchapter as 21 U.S.C. § 846, and Mr. Burgos pled guilty to possession of over fifty (50) grams of cocaine base for sentencing purposes, his mandatory minimum sentence was ten (10) years.  (See Id.; Dkt. Entry 331, Plea Agreement, at 7.)  Additionally, Mr. Burgos did not meet the requirements of the "safety valve" provision of 18 U.S.C. § 3553(f).

     Mr. Burgos was sentenced to serve ninety (90) months.  (Dkt. Entry 452, Judgment, at 2 - 6.)  This sentence was below the mandatory minimum sentence, below the guideline range, and below the recommendation in Mr. Burgos' plea agreement.  Based on Mr. Burgos' total offense level of 31, and his criminal history category of III, the guideline imprisonment range for his offense was 135 to 168 months. (Pre-Sentencing Report, at 17.)  Furthermore, Burgos had entered into a Rule 11(c)(1)(C) plea agreement that called for a prison term of 120 months.  (Dkt. Entry 331, Plea Agreement, at 7 - 8.)  The court granted Burgos' request to be relieved of this bargain, and his present challenge to his sentence makes no sense.

     Mr. Burgos' plea agreement stated that for purposes of application of the United

5

States Sentencing Commission's Sentencing Guidelines, "at least 50 grams but less than 150 grams of cocaine base (crack) [were] attributable to the defendant for the purposes of sentencing." Id. at 7.  Moreover, Count I of Mr. Burgos' indictment and superseding indictment are clear that he conspired "to unlawfully distribute and possess with intent to distribute 50 grams or more of cocaine base." (Dkt. Entry 1, Indictment, at 1; Dkt. Entry 109, Superseding Indictment, at 1.)

Therefore, Mr. Burgos' second claim is meritless.  The indictment and superceding indictment properly charged an offense and specified that the conspiracy involved fifty (50) grams or more of cocaine base.  (Dkt. Entry 1, Indictment, at 1; Dkt. Entry 109, Superseding Indictment, at 1.)  Mr. Burgos stipulated to the amount of cocaine base that was attributable to him for the purposes of sentencing and his sentence was below the mandatory minimum and advisory guidelines range.  Thus, the § 2255 Motion has presented no basis for a finding that there was a fundamental error in sentencing Mr. Burgos to ninety (90) months plus three (3) years supervised release.

D.   Ineffective Assistance of Counsel

Mr. Burgos' third claim is premised on ineffective assistance of counsel, based on counsel's employment as a federal public defender and failure to object to jurisdiction. Claims of ineffective assistance of counsel are assessed under the familiar two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984):

> First the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense . . . . Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Of course, neither prong of the Strickland test can be satisfied where the issue or claim the defendant insists should have been presented by allegedly ineffective counsel is found to be without merit. See Parrish v. Fulcomer, 150 F.3d 326, 328-29 (3d Cir. 1998); Moore v. Deputy Comm'rs of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir. 1991). Stated otherwise, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit." Singletary v. Blaine, 89 Fed. Appx. 790, 794 (3d Cir. 2004).

Petitioner asserts that he asked his attorney why he was charged in federal court and argues that his counsel was ineffective in failing to argue that the Middle District of Pennsylvania lacked jurisdiction over the matter. (Dkt. Entry 491, § 2255 Motion, at 8.) Because it is beyond question that the Middle District of Pennsylvania had proper jurisdiction over Mr. Burgos, any jurisdictional objection lacked merit and an "attorney cannot be ineffective for failing to raise a claim that lacks merit." See Singletary v. Blaine, 89 Fed. Appx. 790, 794 (3d Cir. 2004).

Mr. Burgos additionally asserts that he received ineffective assistance of counsel, under the Sixth and Fourteenth Amendments, because his attorney was a public defender

7

employed by the government.  (Dkt. Entry 491, § 2255 Motion, at 8.)  The attorney's employment as a public defender, however, is not a violation of Mr. Burgos' Sixth Amendment rights.  "[A]lthough the right to counsel is absolute, there is no absolute right to a particular counsel."  United States ex rel. Carey v. Rundle, 409 F.2d 1210, 1215 (3d Cir. 1969); see United States v. Kikumura, 947 F.2d 72, 78 (3d Cir. 1991); Jones v. Zimmerman, 805 F.2d 1125, 1133 (3d Cir. 1986).  Moreover, Mr. Burgos has provided no evidence that the attorney who represented him was anything but fully competent.  Thus, since Mr. Burgos has not articulated an example of counsel's deficiency of performance or asserted how it prejudiced his defense, he has failed to properly assert an ineffective assistance of counsel claim.  See Washington, 466 U.S. at 687.

III.   CONCLUSION

For the reasons stated, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Dkt. Entry 491), will be denied.  An appropriate Order follows.

                                          s/ Thomas I. Vanaskie
                                          Thomas I. Vanaskie
                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | 3:CR-06-052 |
| | : | (JUDGE VANASKIE) |
| JOSE BURGOS | : | |
| | : | |

ORDER

NOW, THIS 8th DAY OF OCTOBER, 2008, for the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED AS FOLLOWS:

1. The collateral challenge to Defendant's conviction and sentence under 28 U.S.C. § 2255 (Dkt. Entry 491) is DENIED.

2. The Clerk of Court is directed to mark this matter and the related Civil Action (3:08-CV-01636) CLOSED.

3. There is no basis for the issuance of a certificate of appealability.

                                                  s/ Thomas I. Vanaskie
                                                  Thomas I. Vanaskie
                                                  United States District Judge